## ELGIN NAT. WATCH Co. *v.* MEYER and others.[1]

*(Circuit Court, E. D. Missouri, E. D.* April 22, 1887.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—BY PARTNERSHIP.

Under the Missouri statutes, a conveyance by a member of a firm of individual property, in payment of a firm debt, will not be invalidated by or considered a part of a general assignment made by the firm a day or two later.[2]

In Equity.
*Dyer, Lee & Ellis,* for complainant.
*Krum & Jonas,* for defendant.

BREWER, J., *(orally.)* In the case of the Elgin National Watch Company against Henrietta Meyer and others, the bill is framed for the purpose of invoking that line of decisions in the federal courts to the effect that where an insolvent debtor, with a single intent, and at about the same time, executes several instruments disposing of his entire property, they are to be considered as tantamount to one general assignment. That line of decisions has been followed since I have been on the bench, by myself, under protest, not believing it to be a true construction of the Missouri statutes; but I have hitherto been alone in that view, so far as the various federal judges in this state are concerned. I am glad to say, however, that I have one with me now who thinks as I do as to the proper construction of the statute. Be that as it may, the facts in this case are that the firm of Eisenstadt & Co. executed a general assignment for the benefit of creditors. One or two days before, individual members of that firm, having individual property, conveyed that property in payment of some of the firm debts. In one case, at least, the purchaser paid into the partnership the difference between the amount of his debt and the purchase price.

Now, in equity, the firm property is looked upon as a primary fund for the payment of firm creditors; individual property, as a primary fund for the payment of individual creditors. It is doubtless true that the individual property may be reached for firm debts, if the firm property is insufficient, but it is only a secondary liability; and it is also true that, if the individual property is not sufficient for the individual debts, the individual's interest in the firm property may be reached for the payment of such debts; but in each case the primary fund is the fund of the debtor, —in the one case of the partnership,—the partnership assets; and in the other, of the individual member of the firm,—his individual property. It is therefore to be regarded that the individual property of the individual debtor is in his control, and not subject to the control of the firm. The firm, as a firm, cannot reach it.

[1] See 29 Fed. Rep. 225.

[2] A partner has the right, as against his individual creditors, to convey his individual property in satisfaction of firm debts. Gallagher's Appeal, (Pa.) 7 Atl. Rep. 237.

Under those circumstances, we think it would be carrying the doctrine beyond the true limits, even accepting the present doctrine as a correct interpretation of the statute, to say that the individual member of a firm cannot dispose of his individual property in the payment of any debts for which he is personally or secondarily liable without subjecting himself to the rule that it is to be classed as passing under the general assignment. In that view of the case, the decree will be for the defendant.